# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUWSA GREEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 13-cv-01208 |
| ) | |
| v. ) | |
| ) | United States Magistrate Judge |
| DEBRA A. HAWKINBERRY, CCPM, *et al.*, ) | Cynthia Reed Eddy |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**[1]

Presently pending is the Motion to Dismiss filed by Defendants (ECF No. 26), to which Plaintiff has filed a brief in opposition (ECF No. 27). For the reasons that follow, the Motion will be granted in part and denied in part.

**Procedural History**

Plaintiff, Muwsa Green, *pro se*, is a state prisoner currently incarcerated at SCI-Fayette. This case was initiated on August 22, 2013, when Plaintiff submitted a handwritten Complaint. However, the case was administratively closed the next day as Plaintiff had failed to either file an application seeking leave to proceed in forma pauperis or to pay the requisite filing fee. The case was reopened on October 3, 2013, after Plaintiff had completed the necessary *in forma paupris* application.

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 13 and 20.

1

Thereafter, on December 9, 2013, Defendants filed a Motion to Dismiss (ECF No. 21). Plaintiff was ordered to either file an Amended Complaint or a response in opposition on or before January 21, 2014. Plaintiff timely filed an Amended Complaint (ECF No. 25), to which Defendants' have filed the instant Motion to Dismiss (ECF No. 26).

In his handwritten Amended Complaint, Plaintiff has named the following defendants: Brian D. Coleman, Superintendent of SCI Fayette; Debra A. Hawkinberry, SCI Fayette Facility CCPM; Frank Lewis, SCI Fayette "facility reverend;" Dorina Varner, Chief Grievance Officer with the Pennsylvania Department of Corrections ("DOC"); and Efrain Reisner, SCI-Fayette "facility Rabbi." All Defendants are sued in their individual and official capacities. As relief, Plaintiff seeks only prospective relief in that he requests to be awarded a "kosher bag" and that the Court order Defendants to change their policy to "let prisoners practice their religion under a class I status."

Plaintiff generally alleges the denial of his First Amendment rights to freely exercise his religion by being denied a "kosher bag" in violation of the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C § 2000cc-1(a). Although the Amended Complaint contains a paucity of facts, it appears that Plaintiff is claiming that while confined in the restricted housing unit (RHU/SMU) at SCI Fayette, his request for a religious diet has been repeatedly denied. Plaintiff claims that all Defendants have placed substantial and unreasonable burdens on his ability to freely exercise his religion. The Amended Complaint also states that

Defendants Coleman and Hawkinberry have created a policy that allows "constitutional violation to occur." Amended Complaint, at ¶ 13.[2]

Attached to the Amended Complaint are the following documents: (1) Form DC-135A, Inmate's Request to Staff Member, dated February 5, 2013, in which Plaintiff requests an explanation from Defendant Superintendent Coleman as to why he has been denied participation in the "Jewish fest on 2-24-2013." Superintendent Coleman responds, "speak with your unit team, there was a recent change to the DC ADM 819"; (2) Form DC-135A, Inmate's Request to Staff Member, dated April 20, 2012, in which Plaintiff requests a kosher diet. Defendant Frank Lewis responds on April 23, 2012, informing Plaintiff, "you are not able to have a nondairy kosher meal. You could apply for no animal products diet;" (3) Form DC-135A, Inmate's Request to Staff Member, dated August 21, 2013, in which plaintiff requests from the Jewish Rabbi an explanation of why kosher food is mandatory; and (4) a publication entitled, "Rosh Hashanah in a Nutshell - rintable Rosh Hashanah Guide 2013."[3]

Defendants have filed the instant Motion to Dismiss the Amended Complaint (ECF No. 26)[4] and Plaintiff has filed a brief in opposition (ECF No. 27). The matter is ripe for disposition.

---

[2] According to the Amended Complaint, "to participate in a religious ceremonial (sic), faith must not be a privilege under the DC ADM 819 because the First Amendment protects plaintiff (sic) right to follow the practices of his Jewish religion."

[3] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed.R.Civ.P. 10(c).

[4] The Court notes that contrary to its published Chambers Rules, the instant motion was not accompanied with a supporting brief. The Court's Chambers Rules provide that a "brief may be omitted if the motion contains sufficient argument and legal citations to permit meaningful judicial review." Significantly, the instant motion contains only bare bones arguments and no legal citations.

**Standard of Review**

*1.     Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).[5]  *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996)

---

[5]  The Court of Appeals for the Third Circuit has explained the liberal construction of pro se pleadings, as follows:

> The federal rules do not adhere to the ancient principle that a pleading must be construed most strongly against the pleader.  Nor do the federal courts require technical exactness or draw refined inferences against the pleader; rather, they make a determined effort to understand what he is attempting to set forth and to construe the pleading in his favor, whenever justice so requires.  This is particularly true when a court is dealing with a complaint drawn by a layman unskilled in the law.  In these cases, technical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized to determine if any legally cognizable claim can be found within it.

*Lewis v. Attorney General of U.S.,* 878 F.2d 714, 722 (3d Cir. 1989) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1286, at 381-84 (1969)).

("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

2. *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must

state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court

generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

## Background[6]

According to the Amended Complaint, DC ADM 819 provides that "participation in religious holy day observances, including ceremonial meals, will be limited to those inmates who have participated in at least half of the primary worship gatherings which have taken place six months prior to the observance." Amended Complaint at ¶ (B)1. Plaintiff contends that although he has been misconduct free for over six (6) months and has been participating in the Jewish faith since 2012, he has "repeatedly" been denied a religious diet. He refiled a religious accommodation form on May 17, 2013, where his request for a religious diet again was denied. On May 27, 2013, Plaintiff received a notice from Defendant Lewis stating that his request for a religious kosher bag was "denied because of plaintiff's failure to demonstrate a sincerely held religious belief." Amended Complaint, at ¶ (B)5.

Thereafter, Plaintiff filed a grievance for "deprivation of his constitutional right to follow the practice of his religion and also showed that the prison interests is not reasonably related to

---

[6] As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

penological interests." Id. at (B)6. On June 10, 2013, Defendant Hawkinberry denied the grievance. Plaintiff then appealed the grievance denial to Superintendent, Defendant Coleman, who denied the appeal on July 2, 2013.. Thereafter, Plaintiff appealed the decision to Defendant Varner, the DOC Chief Grievance Officer, who denied the grievance on August 6, 2013.

Plaintiff alleges that Defendants each have violated his rights under the free exercise clause of the First Amendment and the RLUIPA. The crux of Plaintiff's claim appears to be that prison officials have placed substantial and unreasonable burdens on his ability to freely exercise his religion. For example, Plaintiff contends that Defendants failed to ask him any religious questions to ascertain whether he did in fact have an understanding of the Jewish faith before denying his request for a kosher bag.

## Discussion

Defendants' sole argument for dismissal is that the allegations of the Amended Complaint fail to allege that Defendants were personally involved in any of the alleged constitutional misconduct. Specifically, Defendants argue that the Amended Complaint fails to (1) allege how Defendants Hawkinberry, Coleman, and Varner had any direct involvement in the purported constitutional violations and (2) allege how Defendants Lewis and Reisner violated Plaintiff's constitutional rights.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141–42 (3d Cir.1990). Civil

8

rights claims brought cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode:*

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

Prisoners also have no constitutionally protected right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977) (Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Speight v. Sims*, No. 08–2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). Therefore, any attempt by a plaintiff to establish liability against a defendant based upon the handling of his administrative grievances or complaints does not support a constitutional claim. *See also Alexander v. Gennarini*, 144 F.

App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability).

Defendant Varner is clearly employed in a supervisory capacity by the DOC as its Chief Grievance Officer. The only specific allegation against Defendant Varner stems from her reading and denying Plaintiff's grievance appeal. There are no allegations that Defendant Varner was involved in the day-to-day operations at SCI-Fayette, or, more importantly, in the alleged constitutional deprivations suffered by Plaintiff.

Based upon the standards announced in *Rode*, Defendant Varner is clearly entitled to entry of dismissal since it is apparent that Plaintiff is attempting to establish liability against her due to her handling of his grievance appeal. Accordingly, dismissal will be entered in favor of Chief Grievance Officer Varner. Plaintiff will not be granted leave to amend his claim against Defendant Varner as doing so would be futile.

However, with respect to Defendants Coleman and Hawkinberry, it is alleged that these defendants created a policy that allowed constitutional violations to occur. Further, with respect to Defendants Lewis and Reisner it is alleged that these Defendants failed to ask Plaintiff religious questions to determine whether he had an understanding of the Jewish faith before denying his request for a kosher bag. The argument for dismissal for non-personal involvement will be denied with respect to these four defendants.[7]

---

[7] Plaintiff argues that under *Turner v. Safley*, 482 U.S. 78 (1987), Defendants' failure to provide kosher meals was not rationally related to a legitimate penological concern. The Court notes that the matter presently before it is a motion to dismiss not a summary judgment motion. The parties will have an opportunity to develop a factual record on the *Turner* factors.

The Court recognizes that discovery may well reveal that the alleged conduct of these four defendants does not give rise to a cognizable § 1983 claim, but at this early stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor.

## Conclusion

For the above reasons, the Motion to Dismiss will be granted in favor of Defendant Chief Grievance Officer Varner on the basis of lack of personal involvement. In all other respects, the Motion to Dismiss will be denied. An appropriate order follows.

## ORDER

**AND NOW**, this 28th day of August, 2014,

It is hereby **ORDERED** that Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

The Motion is **GRANTED** as to Defendant Varner and she is hereby dismissed with prejudice from this lawsuit. The Motion is **DENIED** in all other respects.

In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), the responsive pleading of Defendants Hawkinberry, Coleman, Lewis, and Reisner shall be served on or before September 11, 2014.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: MUWSA GREEN
HV-5362
SCI Fayette
Box 9999
LaBelle, PA 15450

Sandra A. Kozlowski
Pennsylvania Office of Attorney General
Email: skozlowski@attorneygeneral.gov